**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DARRELL LAW, #13-2418               *

                                        *     Civil Action No.  JKB-14-1377

Petitioner                         *

                                        *

v                                  *

                                        *

KEITH BAYNES, Administrative Judge,   *
JANE MURRAY,  Judge                *

                                        *

Respondents                        *

                                    ***

**MEMORANDUM**

     Darrell Law, a self-represented petitioner who is presently confined at the Cecil County Detention Center in Elkton, Maryland, requests the dismissal of state charges against him and his release from custody in this petition for writ of habeas corpus.  His motion to proceed in forma pauperis (ECF No. 2) will be granted for the purpose of preliminary screening of this case.

     Law is charged with felony and misdemeanor thefts in the Circuit Court for Cecil County in Case 07K130020224  (Complaint at 6; ECF No. 1 at 2). [1]  Law's statement of his claim is as follows:

> Upon reassignment of my case to Judge Jane C. Murray in December of 2013, I have been proceeding without counsel.  Because I have made "rather competent" assertions of my constitutional rights in bold contrast to a corrupt judiciary system that is plagued by a constitutionally inadequate structure, I was re-committed to Cecil County Detention Center for a "mental evaluation" on March 31, 2014 for inexplicable reasons. Notably the case has been assigned to Judge  K.  Baynes.

(Complaint at 12, Part IV ECF No. 1 at 5, Part IV)

---

[1] The Maryland Judiciary Case Search website shows that Law was arrested on October 10, 2013, arraigned on December 18, 2013, and a hearing was held on March 31, 2014, at which time Law was committed to the Department of Health and Mental Hygiene for examination within sixty days as to whether he is competent to stand trial and ordered to remain confined at the Cecil County Detention Center prior to and after examination.  On April 22, 2014, Law filed a Motion for Dismissal. No entry of counsel for defendant is  noted on the electronic docket.
*See*  http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=07K13002024&loc=51&detailLoc=K.

**DISCUSSION**

At the outset, the undersigned notes that a prisoner's custodian, in this case the warden of the Cecil County Detention Center, is the proper respondent in a habeas corpus proceeding. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-47 (2004) (stating the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."); *see also* 28 U.S.C. § 2243 (providing that any habeas petition must be directed at "the person having custody of the person detained'). The Honorable Keith Baynes, Administrative Judge of the Circuit Court for Cecil County and the Honorable Jane Murray, Associate Judge of the Circuit Court of Cecil County are not Law's custodians and are therefore not properly named as respondents.

Additionally, to the extent this action seeks to hold two state court judges responsible for decisions arising out of the performance of their judicial duties, judges are entitled to immunity to suit in the performance of their judicial functions. *See Mireless v. Waco*, 502 U.S. 9, 13 (1991). "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Id.* (citations omitted). Therefore, "[a] judge is absolutely immune from liability for his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Further, judicial immunity is a shield from suit, not just from assessment of damages. *Mireless*, 502 U.S. at 11.[2] Accordingly, defendants are entitled to dismissal as a matter of law.

Insofar as Law asks this court to dismiss pending criminal charges against him, a federal court must not interfere with ongoing state criminal proceedings in the absence of extraordinary

---

[2] Judicial immunity does not apply to non-judicial acts or in the complete absence of jurisdiction. *Stump*, 435 U.S. at 360 and 356-37. Neither circumstance applies here.

circumstances. *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50–53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding). The abstention doctrine articulated in *Younger* establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings unless extraordinary circumstances exist. *Younger*, 401 U.S. at 44. Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and the federal relief sought would interfere in some manner with the state court litigation presented. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Newsome v. Broward County Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam) (unpublished).

The abstention doctrine applies in this case.  First, Law's state criminal case is pending. Second, an ongoing state criminal proceeding clearly implicates an important state interest. The State of Maryland has an important interest in maintaining the efficient operation of its criminal justice system without undue federal interference. Third, Law has the opportunity to present his claims to the state court. Lastly, Law does not allege any facts to establish bad faith or that he was prosecuted "without a reasonable expectation of obtaining a valid conviction." *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir. 1986). Further, Law alleges no facts to suggest extraordinary circumstances warranting exception.

**CONCLUSION**

For these reasons, the petition will be denied and dismissed.  To the extent a certificate of appealability may be required for appeal,  petitioner has not demonstrated "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (internal quotation marks omitted), and a certificate of appealability will be denied.  A separate order consistent with this memorandum follows.

DATED this 6th day of May, 2014.

BY THE COURT:

_____/s/_____

James K. Bredar
United States District Judge